Fred A. Dickinson, J.
The motion is denied and the temporary restraining orders issued heretofore are vacated.
Defendants herein obtained judgment against Doctors Be-sen, Rizzo, Jasper and Francomano, doing business as Cross County Hospital by confession of judgment executed by one Max Manus, the hospital administrator. The plaintiffs herein together with Dr. Francomano tested the validity of that judgment and this Judge sitting in Special Term Part 3A held a hearing on the factual issue raised viz, that Max Manus, the agent acted without authority. That issue was decided against the doctors and the validity of the judgment was upheld.
Plaintiffs now seek to stay enforcement of the judgment against their personal assets in this action for a permanent injunction and by this motion for a preliminary injunction.
There are two separate actions, one brought by Dr. Jasper and the other by Doctors Besen and Rizzo. The issues raised and the moving papers in each action however are strikingly similar and will be disposed of simultaneously.
Point 1 — plaintiffs contend that execution may not be had against the plaintiffs individually, citing as authority CPLR 5201 (subd [b]) and concluding that since plaintiffs were not summoned the judgment cannot be enforced against their individual property.
The theoretical basis for all judgments by confession is that a defendant may consent in advance to jurisdiction of a given court (Atlas Credit Corp. v Ezrine, 25 NY2d 219, 227).
If plaintiffs’ theory were adopted by the court, no judgment by confession would be enforceable unless the confessing judgment debtor also was served with a summons.
In order to render a valid judgment in any case, the court must have jurisdiction first, over the subject matter and secondly, over the parties (1 Carmody-Wait 2d, New York Practice, § 2:77). The provisions of CPLR 3218 however provide for entry of judgment without commencement of an action and service of a summons, the affidavit of the judgment debtor being taken as his consent for the entry of judgment against him and his submission to the jurisdiction of the court. (See, also, 1 Carmody-Wait 2d, New York Practice, § 2:80 on Jurisdiction by Consent.)
Max Manus, as agent for the partnership was the agent of all the partners. (See Restatement, Agency 2d, § 20, subd e.)
His signature as agent was the equivalent of each of the partners signing individually. (See earlier decision of this *364 court dated Aug. 16, 1975 upholding the validity of the judgment.)
The fact that the individual doctors were not served with a summons is not a defense to the enforcement of the judgment against them when the judgment was obtained by their voluntary consent to the jurisdiction of the court, albeit through the actions of an agent.
Point 2 of plaintiffs relies upon the language of CPLR 3218 (subd [d]) which states: "One or more joint debtors may confess a judgment for a joint debt due or to become due. Where all the joint debtors do not unite in the confession, the judgment shall be entered and enforced against only those who confessed it and it is not a bar to an action against the other joint debtors upon the same demand.”
Plaintiffs urge that the judgment is not binding upon them since they did not execute the confession; further that there is no affidavit executed by the person to be charged.
Here again the actions of the agent are seen by the court as satisfying this requirement. The affidavit of Mr. Manus contains a caption with the names of all the partners followed by the words "d/b/a Cross County Hospital”. Had he executed one affidavit for each of the partners or just the single affidavit for all the partners the result is the same.